

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br>      Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>      Plaintiff,<br>vs.<br><br>DEB BRUNDAGE,<br><br>      Defendant. | Adversary Proceeding<br>Case No. 19-51069 (JKS) |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE,
PROPOUNDED TO DEFENDANT**

## AND ANSWERS (EXHIBIT A ATTACHED HERE)

TO:  Defendant, DEB BRUNDAGE ("Defendant")

FROM: Plaintiff, Michael Goldberg, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of Woodbridge Group Of Companies, LLC

Pursuant to Federal Rules of Civil Procedure 36, made applicable by Federal Rule of Bankruptcy Procedure 7036, Plaintiff, by its undersigned attorneys, hereby propounds the following Requests for Admissions to Defendant. Plaintiff hereby requests that Defendant answer the following requests to admit facts, within thirty (30) days of the date of service hereof.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

LA:4878-1017-2858.1 94811.003

## DEFINITIONS

As used in these requests for admissions, the following words and terms shall mean and include the following:

The term "DOCUMENT(S)" means and includes, without limitation, the following: any and all writings of whatever kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including without limitation correspondence, memoranda, notes, diaries, statistics, letters, emails, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures), and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

"CONCERN" or "CONCERNING" means relate to, refer to, describe, evidence or constitute.

"DEBTORS" means WOODBRIDGE GROUP OF COMPANIES, LLC and its affiliated Debtors as identified in the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC.

2

"YOU" or "YOUR" or "DEFENDANT" means DEB BRUNDAGE and shall include his predecessors, successors, agents, representatives, attorneys, accountants, and all other persons acting on his behalf or under his control.

"FINANCIAL INSTITUTION" means a Federal reserve bank, or an entity that is a commercial or savings bank, industrial savings bank, savings and loan association, trust company, and/or as defined in 11 U.S.C. §101(22).

"PERSON" means and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

"COMMUNICATION" means every manner or means of disclosure, transfer, or exchange of information, words, thoughts or ideas, whether orally or by document, whether face-to-face, by telephone, mail, personal delivery, electronic communication or otherwise.

"COMPLAINT" means the Complaint filed in this adversary proceeding.

"TRANSFERS" means any and all payments or credits made from the DEBTOR to DEFENDANT as identified under the column "disbursements" on Exhibit "B" to the COMPLAINT.

"NOTES" means First Position Commercial Mortgages as issued by the Debtors.

"UNITS" means shares in an investment pooled for the purpose of using the net proceeds for the purchase of first position mortgages as issued by the Debtors.

"PETITION DATE" means Commencing with the first filings on December 4, 2017, Debtors Woodbridge Group of Companies, LLC, et al., each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case No. 17-12560 (JKS).

"All" shall mean "any" and vice-versa.

"And" shall mean "or" and vice-versa.

The singular shall mean the plural and vice-versa.

"DOCUMENT(S)" means all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra-and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings.

4

"RELATING TO" means constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating or relevant to.

## GENERAL PROVISIONS AND INSTRUCTIONS

IF YOU FAIL TO COMPLY WITH THE PROVISIONS OF FEDERAL RULES OF BANKRUPTCY PROCEDURE 7026 AND 7036, INCORPORATING THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 26 AND 36, WITH RESPECT TO THIS SET OF REQUESTS FOR ADMISSIONS, THE MATTERS ABOUT WHICH AN ADMISSION ARE REQUESTED SHALL BE DEEMED ADMITTED.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that that the investors identified on Exhibit A to the COMPLAINT are individuals or entities YOU solicited to purchase UNITS or NOTES from offerings issued by the DEBTOR.

### REQUEST FOR ADMISSION NO. 2:

Admit that that the commissions identified on EXHIBIT A to the COMPLAINT is compensation to YOU for individuals or entities YOU solicited to purchase UNITS or NOTES from offerings issued by the DEBTORS.

### REQUEST FOR ADMISSION NO. 3:

Admit that YOU received those TRANSFERS from the DEBTORS as identified on EXHIBIT "A" to the COMPLAINT.

### REQUEST FOR ADMISSION NO. 4:

Admit that YOU were not registered to sell securities in California or any state within the United States between 2015 to the PETITION DATE.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU were not licensed to sell securities in California or any state within the United States between 2015 to the PETITION DATE.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU had no experience in the financial services industry prior to working with the DEBTORS.

**REQUEST FOR ADMISSION NO. 7:**

Admit that at the time YOU received each TRANSFER identified on EXHIBIT "A" to the COMPLAINT, the DEBTOR was insolvent as that term is utilized in 11 U.S.C. §547 and 11 U.S.C. §101.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU took no act to secure or record the NOTES YOU sold to the investors identified on Exhibit A to the COMPLAINT against the real property listed in the loan participation agreements.

**REQUEST FOR ADMISSION NO. 9:**

Admit that DEFENDANT'S name as set forth in the caption of the COMPLAINT is YOUR correct legal name.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, with respect to the NOTES which YOU sold to investors or for which YOU

collected a commission, no FINANCIAL INSTITUTION obtained a loan from the DEBTOR for the investment.

**REQUEST FOR ADMISSION NO. 11:**

Admit that as of January 1, 2017, YOU were aware of cease-and-desist orders prohibiting the sale of NOTES issued by various states to DEBTORS.

**REQUEST FOR ADMISSION NO. 12:**

Admit that on no occasion did YOU disclose to any investor of the DEBTORS that any state had issued a cease-and-desist order prohibiting the investment.

**REQUEST FOR ADMISSION NO. 13:**

Admit that at the time YOU sold the investments to an investor identified on Exhibit A to the COMPLAINT, YOU were aware YOU were promoting a Ponzi scheme.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU sold unregistered securities to members of the public.

**REQUEST FOR ADMISSION NO. 15:**

Admit that after January 1, 2015, the DEBTOR was not a legitimate business operation but rather a Ponzi scheme by which the DEBTOR used commingled customer monies to fund its operations.

Dated: April 29, 2024

Colin R. Robinson (DE Bar No. 5524)
Jason Pomerantz (CA Bar No. 157216)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI, STANG, ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705

7

Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  crobinson@pszjlaw.com
        jpomerantz@pszjlaw.com
        jnolan@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*

## RESPONSES TO REQUESTS FOR ADMISSION

1. Deny. Defendant forwarded to debtor (Woodbridge) leads. Debtor sold no notes or liens on properties.

2. Deny. See letter to counsel, May 15, 2015. The Exhibit contains only amounts paid; there is no identification as to what or for whom.

3. Deny. As defined, "TRANSFERS" references an Exhibit B to the complaint. There is no Exhibit B to the complaint. Defendant assumes that what is meant was Exhibit A.

4. Admit.

5. Admit.

6. Deny. "Financial services" in the request is not defined.

7. Deny for lack of information and belief. Also see answer to 3 above.

8. Deny due to form of request. It is compound. Defendant sold nothing; she forwarded leads for possible sales to debtor. Debtor determined whether it would accept the lead or not for sale (for example, there came a time when it refunded prior to filing bankruptcy many investors all of their investment--most of those on Exhibit A were such investors, debtor determining them as not "accredited", i.e., those with income less than $250,000 a year, and $1,000,000 in assets). Debtor made the sales, issued the notes, picked the amount invested, was paid directly by the investor the monies to invest, and Debtor recorded whatever security there was to exist

9. Deny. Defendant's full name is Debra Sue Brundage.

10. Deny due to form of request. It is compound. Defendant sold nothing; she forwarded leads for possible sales to debtor. See answer to 8 above.

11. Deny.

12. Admit.

13. Deny.

14. Deny.

15. Deny.

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF LOS ANGELES      )

I, Rolanda Mori, am over the age of eighteen years, and am employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action; my business address is 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067.

On April 29, 2024, I caused a true and correct copy of **PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE, PROPOUNDED TO DEFENDANT** to Defendant, Deb Brundage to be served via email and First Class US Mail as follows:

**Via U.S. Mail:**
Deb Brundage
4890 E. 26th Ave,
Apache Junction AZ 85119

**Via Email**
moneyworksisc@yahoo.com

I hereby certify under penalty of perjury that the above document was sent using the mode of service indicated.

_____
Rolanda Mori

4875-0530-2714.1 94811.003

Deb Brundage
4890 E. 26th Ave
Apache Junction, AZ 85119

June 7, 2024

United States Bankruptcy Court
For the District of Delaware
824 N. Market St.  3rd Floor
Wilmington, DE 19801

Dear Clerk of the Court,

Please return in the enclosed self-addressed envelope a stamped copy for my file.

Thank you.

Deb Brundage
moneyworksisc@yahoo.com

Brundage
4890 E. 26th Ave.
Apache Junction AZ 85119

United States B[ankruptcy]
Clerk of the
for District
824 N. Market
Wilmington,